UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WAVE LENGTH HAIR SALONS OF
FLORIDA, INC., on behalf of itself and all
others similarly situated

       Plaintiff,

v.                                                                  Case No:   2:16-cv-206-FtM-38MRM

CBL & ASSOCIATES PROPERTIES,
INC., CBL & ASSOCIATES
MANAGEMENT, INC., CBL &
ASSOCIATES LIMITED PARTNERSHIP
and JG GULF COAST TOWN CENTER,
LLC,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**[1]

    This cause is before the Court on Plaintiff's Motion to Extend the Class Certification

Deadline (Doc. 66) filed on October 19, 2016.  Defendants CBL & Associates Properties, Inc.,

CBL & Associates Management, Inc., CBL & Associates Limited Partnership, and JG Gulf

Coast Town Center LLC filed their response (Doc. 71) on November 7, 2016.  Additionally, the

Court considers Defendants' Motion to Strike Plaintiff's Class Allegations (Doc. 72) filed on

November 7, 2016.  Plaintiff filed a response (Doc. 73) on November 21, 2016.  The matters are

ripe for consideration.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or
websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that
hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other
websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the
services or products they provide on their websites.  Likewise, the Court has no agreements with
any of these third parties or their websites.  The Court accepts no responsibility for the
availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or
directs the user to some other site does not affect the opinion of the Court.

## I.     Background

Plaintiff alleges that Defendants rent mall space to small businesses.  (Doc. 32 at ¶ 1).

Plaintiff states that it was and is a tenant of Gulf Coast Town Center in Fort Myers, Florida—a

mall owned by Defendants.  (*Id.* at ¶¶ 6-7).  Plaintiff alleges that it was "tricked" into paying

thousands of dollars in unlawful electricity mark-ups.  (*Id.* at ¶ 7).  Plaintiff further alleges that

Defendants violated contractual obligations, state laws, and state regulations by overcharging

tenants for electricity at all of their shopping malls throughout the United States.  (*Id.* at ¶ 1).

Plaintiff's Amended Complaint includes class action allegations and seeks certification of

three classes:  the Nationwide Class, the Florida Statutory Class, and the Gulf Coast Town

Center Class.  (*Id.* at ¶ 41).

Plaintiff defines the Nationwide Class as:

> All individuals and entities that entered into lease agreements at shopping malls
> managed by CBL & Associates Management, Inc., that contained a provision that
> stated that electricity would not be marked-up or inflated and who paid for
> electricity in connection with such agreements within the applicable limitations
> period.

(*Id.*).

Plaintiff defines the Florida Statutory Class as:

> All individuals and entities that entered into lease agreements at shopping malls
> managed by CBL & Associates Management, Inc., in Florida that contained a
> provision that stated that electricity would not be marked-up or inflated and who
> paid for electricity in connection with such agreements within the applicable
> limitations period.

(*Id.*).

Finally, Plaintiff defines the Gulf Coast Town Center Class as:

> All individuals and entities that entered into lease agreements at Gulf Coast Town
> Center with JG Gulf Coast that contained a provision that stated the electricity
> would not be marked-up or inflated and who paid for electricity in connection with
> such agreements within the applicable limitations period.

(*Id.*).

Excluded from the classes are "CBL, CBL Partnership, CBL Management, CBL Holdings I, CBL Holdings II, and JG Gulf Coast and their affiliates and related companies, their directors, corporate officers, and their immediate family members, and any government entity." (*Id.*).

In Count I, Plaintiff alleges a violation of 18 U.S.C. § 1962(A), (C)-(D), known as the Racketing Influenced and Corrupt Organizations Act (RICO), on behalf of the Nationwide Class. (Doc. 32 at ¶¶ 53-75).  In Count II, Plaintiff alleges a claim of unjust enrichment on behalf of the Nationwide Class.  (*Id.* at ¶¶ 76-79).  In Count III, Plaintiff alleges a violation of the Florida Deceptive and Unfair Trade Practices Act on behalf of the Florida Statutory Class.  (*Id.* at ¶¶ 80-88).  In Count IV, Plaintiff alleges a violation of the Florida Civil Remedies for Criminal Practices Act on behalf of the Florida Statutory Class.  (*Id.* at ¶¶ 89-95).  In Count V, Plaintiff alleges a breach of contract claim on behalf of the Gulf Coast Town Center Class.  (*Id.* at ¶¶ 96-100).  Finally, in Count VI, Plaintiff alleges a breach of contract and the implied covenant of good faith and fair dealing on behalf of the Gulf Coast Town Center Class.  (*Id.* at ¶¶ 102-108).

In Plaintiff's Motion for Extension, Plaintiff seeks an extension *nunc pro tunc* of the deadline pursuant to Local Rule 4.04(b) to file its motion for class certification.  (Doc. 66 at 1).  Plaintiff requests the deadline be set on December 11, 2017.  (*Id.*).  Defendants argue, however, that Plaintiff's Motion should be denied because Plaintiff does not meet the applicable excusable-neglect standard to be granted an extension of time.  (Doc. 71 at 2).

Similarly, in Defendants' Motion to Strike Class Allegations (Doc. 72), Defendants argue that Plaintiff's failure to comply with Local Rule 4.04(b) coupled with Plaintiff's ignorance of the Rule does not meet the excusable neglect standard, and, therefore, Plaintiff's class action

allegations should be stricken.  (Doc. 72 at 2).  Plaintiff argues, however, that excusable neglect exists here such that Defendants' Motion to Strike should be denied.  (Doc. 73 at 2).

## II.      Legal Standard

Local Rule 4.04 provides in part that "[w]ithin ninety (90) days following the filing of the initial complaint in [a putative class action], unless the time is extended by the Court for cause shown, the named plaintiff or plaintiffs shall move for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action."  M.D. Fla. R. 4.04(b).  A district court has the authority to apply local rules prescribing a deadline for filing a motion for class certification and to sanction a plaintiff for noncompliance with the local rules.  *See Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n.38 (11th Cir. 2003).

Additionally, Fed. R. Civ. P. 23(c) explicitly provides, that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A).  A timely motion for class certification is premised on "'sound practical considerations' including preservation and protection of the putative class members' claims."  *Seyboth v. General Motors Corp.*, No. 8:07-cv-2292-T-27TBM, 2008 WL 1994912, at *2 (M.D. Fla. May 8, 2008) (citing *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006)).  Although an untimely request for class certification is not a bar to the maintenance of a class action because the trial court is "independently obligated" to decide whether an action should be brought as a class action, the Supreme Court has held that failing to move timely for class certification "is a direct assault on the merits of the request for class certification."  *Jones*, 243 F.R.D. at 696 (citing *East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977); Fed. R. Civ. P. 23(a)(4)).  Delays in filing a motion for class certification impede a court's ability to resolve the issues of

class certification and may prejudice the rights of the putative class members.  *Jones*, 243 F.R.D. at 695 (quoting *Williams v. Southern Bell Tel. & Tel. Co*., No. 77-1895-CIV-WMH, 1978 WL 73, at *2 (S.D. Fla. Apr. 4, 1978)).  Further, even if a defendant is not prejudiced by the delay, "the public business of the court . . . has been hampered and delayed."  *Jones*, 243 F.R.D. at 696.

 Pursuant to Fed. R. Civ. P. 6(b)(1)(B), to determine whether an extension of an expired deadline is warranted, a court must consider whether a "party failed to act because of excusable neglect."  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).  The Court may consider:  (1) whether the opposing party was prejudiced by the delay; (2) the length of the delay and its impact on the case; (3) the reason for the delay including whether the delaying party showed good faith; and (4) whether the delay was within the reasonable control of the delaying party.  *Blanton v. University of Fla. ex rel. Bd. of Trs. of Univ. of Fla*., No. 2:05-cv-421-FTM34SPC, 2008 WL 928114, at *2 (M.D. Fla. Apr. 4, 2008).

The Court addresses each of these considerations in logical groupings below and recommends (1) granting Plaintiff's Motion because Plaintiff has demonstrated excusable neglect and (2) denying Defendants' Motion to Strike Class Allegations as moot.

### III.    Analysis

#### A.  Prejudice due to delay, length of delay, and impact on case

Plaintiff argues that Defendants will not be prejudiced by an extension of the deadline to file a motion for class certification because Defendants' Motion to Dismiss (Doc. 46) is still

pending, meaning that any motion for class certification would be premature.  (Doc. 66 at 6; Doc. 73 at 2).  Plaintiff further contends that the proposed extension of time would have no effect on the Case Management and Scheduling Order.  (Doc. 66 at 7; Doc. 73 at 2).

On the other hand, Defendants claim that they would be prejudiced by an extension because additional time and resources are required to defend against a class action.  (Doc. 71 at 7; *see also* Doc. 72 at 2).  Moreover, Defendants contend that granting an extension would cause a delay in the current case management deadlines.  (Doc. 71 at 6).

In evaluating these issues, the Court notes that, absent excusable neglect, courts may strike class allegations in a complaint for failure to timely file a motion for class certification. *See Seyboth*, 2008 WL 1994912, at *1.  To establish excusable neglect, a plaintiff must provide an explanation showing good cause for the delay and for the excuse in failing to immediately move for an extension of time or for class certification.  *Id.*  For example, failure to correctly calendar the deadline to file a motion for class certification, absent more, is not excusable neglect.  *Id.*; *see also Wilcox v. Taco Bell of Am., Inc.*, No. 8:10-cv-2383-T-33MAP, 2011 WL 3444261, at *1 (M.D. Fla. Aug. 8, 2011) (finding failure to immediately remedy lack of a timely motion for class certification, and instead requesting additional time, did not constitute excusable neglect).  Moreover, this Court has found that a plaintiff's "failure to timely pursue discovery and timely file (or move for an extension to file) the motion for class certification calls into question plaintiff's ability to adequately protect the interests of the class." *Seyboth*, 2008 WL 1994912, at *2 (citing *Rodriguez*, 431 U.S. at 405).

To determine whether the actual delay in this case caused prejudice, the Court considers the procedural history in the case.  On March 15, 2016, Plaintiff filed the original Complaint. (Doc. 1).  Pursuant to Local Rule 4.04(b), Plaintiff was required to file a motion for class

certification within ninety (90) days of the filing of the initial complaint.  Plaintiff failed to file a motion for class certification or a motion to extend the deadline by the ninety (90) day deadline.

Nevertheless, the Court notes that on June 10, 2016, Defendants filed a Motion to Dismiss (Doc. 30).  In response, Plaintiff filed a First Amended Class Action Complaint (Doc. 32) on July 1, 2016.  On September 9, 2016, Defendants filed a Motion to Dismiss Plaintiff's Amended Class Action Complaint.  (Doc. 46).  At this time, a decision regarding the Motion to Dismiss (Doc. 46) is still pending.  Moreover, all discovery in this case is stayed until the Motion to Dismiss (Doc. 46) is resolved.  (Doc. 64 at 1).

While a better practice for Plaintiff would have been to file a motion to extend the Local Rule 4.04(b) deadline before that deadline expired, the Court recognizes that prior to the ruling on the Motion to Dismiss, filing a motion for class certification would have been premature.  *See Calderone v. Scott*, No. 2:14-cv-519-FTM-29CM, 2015 WL 4395623, at *5 (M.D. Fla. July 16, 2015) (finding that filing a motion for class certification prior to a ruling on a dispositive motion would be premature, and allowing a late-filed motion for class certification).  Specifically, the Court recognizes that a skeletal, perfunctory motion for class certification will not satisfy the requirements of Rule 23.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also Lakeland Reg'l Med. Ctr., Inc. v. Astellas U.S. LLC*, No. 8:10-cv-2008-T-33TGW, 2012 WL 2402825, at *2 (M.D. Fla. June 26, 2012) (finding excusable neglect by balancing of the equities due to the complexity of the case and the acknowledgement by both parties that the motion for class certification would be filed after the Local Rule 4.04(b) deadline).  The Supreme Court has stated that "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc."  *Dukes*, 564 U.S. at 350.  In this case, there is a

pending dispositive motion and discovery has been stayed.  Until the causes of action are decided, Plaintiff cannot reasonably be expected to determine which causes of action will remain viable for the purposes of seeking class certification.  *See id*.  Thus, it is unreasonable to expect Plaintiff to be able to satisfy the requirements of Rule 23.  The Undersigned, therefore, finds that a motion for class certification would be premature at this time.

Because a motion for class certification would be premature at this time, the impact of Plaintiff's delay is lessened.  Moreover, although Plaintiff failed to file a motion for class certification before the deadline set forth in Local Rule 4.04(b), Plaintiff's instant motion was filed before the deadline to add parties and amend pleadings (November 2, 2017), and more than one year before the discovery deadline (February 2, 2018).  (Doc. 60).  Accordingly, upon review of the remaining case management deadlines and in light of the finding that a motion for class certification is premature at this time, the Undersigned finds that Defendants have not been prejudiced due to Plaintiff's delay.

### B.  Reason for delay, good faith, and Plaintiff's control

Turning to the reason for the delay, Plaintiff's counsel claims that they erroneously believed that Local Rule 4.04(b) had been "obviated" due to the 2003 amendment of Rule of Civil Procedure 23.  (Doc. 66 at 7).  Further, Plaintiff's counsel contends that Plaintiff raised the issue with Defendants' counsel.  *Id*.  Thus, Plaintiff's counsel argues that Plaintiff has demonstrated good faith in its actions.  (*Id*. at 7-8).

Defendants argue, however, that the delay was within the reasonable control of the Plaintiff (Doc. 71 at 7), which Plaintiff concedes (Doc. 66 at 7).  Defendants further contend that Plaintiff made a mistake of law rather than a mistake of fact.  (Doc. 71 at 10-11).  As a result, Defendants argue that Plaintiff's counsel's negligence is not excusable.  (*Id.*).

Upon review, it warrants emphasis that excusable neglect is an "elastic concept" and is not limited to instances beyond the control of a party. *See Pioneer Inv. Servs. Co.*, 503 U.S. at 392. Here, based on the affidavit submitted by Plaintiff's counsel, it is clear that Plaintiff's counsel had a good-faith belief – albeit an erroneous one – that the 2003 amendment of Rule 23 "obviated" Local Rule 4.04(b). (Doc. 66-1 at 3). Moreover, Plaintiff's counsel took immediate steps to remedy the mistake once it was discovered by seeking an extension. In fact, after the discussion at the Preliminary Pretrial Conference, Plaintiff filed its Motion for Extension immediately the next day. Thus, even though the delay was within the control of Plaintiff, the Undersigned finds that good cause exists to extend the deadline. Specifically, given the circumstances, the Undersigned finds that Plaintiff's neglect should be excused because Defendants have not been prejudiced. Accordingly, the Undersigned recommends that Plaintiff's Motion for Extension be granted *nunc pro tunc* and that Plaintiff's deadline to file a motion for class certification be set for November 1, 2017.[2]

### C.  Defendants' Motion to Strike

As stated above, Defendants argue that Plaintiff's failure to comply with Local Rule 4.04(b) coupled with Plaintiff's ignorance of the Rule does not meet the excusable neglect standard and, therefore, requires Plaintiff's class action allegations to be stricken. (Doc. 72 at 2). As discussed above, however, the Undersigned finds that good cause exists to grant an extension of time for Plaintiff to file a motion for class certification. Therefore, if the District Judge adopts this Report and Recommendation and extends the deadline for Plaintiff to file its motion for class

---

[2] Plaintiff proposes a deadline of December 11, 2017. The Undersigned finds this deadline to be too protracted. For this reason, the Undersigned recommends that Plaintiff's deadline be set for November 1, 2017. Accordingly, if this Report and Recommendation is adopted, to the extent Plaintiff requires expert testimony to support its motion for class certification, Plaintiff would be required to obtain such material prior to the November 1, 2017 deadline.

certification, Defendants' Motion to Strike Class Allegations (Doc. 72) will be moot because Plaintiff will be able to comply with Local Rule 4.04(b).  Accordingly, because the Undersigned recommends extending Plaintiff's deadline to file a motion for class certification, the Undersigned also recommends that Defendants' Motion to Strike Plaintiff's Class Allegations (Doc. 72) be denied as moot.

**IT IS RESPECTFULLY RECOMMENDED THAT:**

1) Plaintiff's Motion to Extend Class Certification Deadline (Doc. 66) be **GRANTED** *nunc pro tunc*.  Additionally, the Undersigned recommends that Plaintiff's deadline to file a motion for class certification be set for November 1, 2017.

2) Defendants' Motion to Strike Plaintiff's Class Allegations (Doc. 72) be **DENIED AS MOOT**.

Respectfully recommended in Chambers in Fort Myers, Florida on November 25, 2016.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties