UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WAVE LENGTH HAIR SALONS OF
FLORIDA, INC., on behalf of itself and all
others similarly situated,

    Plaintiff,

v.                                                    Case No:   2:16-cv-206-FtM-38MRM

CBL & ASSOCIATES PROPERTIES,
INC., CBL & ASSOCIATES
MANAGEMENT, INC., CBL &
ASSOCIATES LIMITED PARTNERSHIP
and JG GULF COAST TOWN CENTER,
LLC,

    Defendants.
_____/

## ORDER

Pending before the Court is Defendants' Motion to Strike Plaintiff's Jury Demand, filed on May 11, 2017. (Doc. 104). Defendants seek to strike the jury demand asserted in Plaintiff's First Amended Complaint. (*Id.* at 2). Plaintiff filed its Response on November 8, 2017. (Doc. 107). Defendants filed a Reply on November 17, 2017. (Doc. 112). This matter is ripe for review. For the reasons explained below, Defendant's Motion is due to be granted.

**I.    Background**

Plaintiff's First Amended Complaint asserts six counts, stemming from an alleged inflation of tenants' energy bills in malls nationwide owned, operated, and managed by Defendants. (*See* Doc. 32). One such tenant is Plaintiff. (*See id.*). Plaintiff Wave Lengths Hair Salons of Florida ("Wave Lengths") entered into a ten-year lease agreement with Defendant JG Gulf Coast Town Center LLC ("JG Gulf Coast") on June 13, 2006 at the Gulf Coast Town Center in Fort Myers, Florida. (Doc. 32 at ¶ 8; Doc. 32-1 at 5).

The lease agreement is divided into twelve Articles. (Doc. 32-1 at 1-2). The lease expressly names Wave Lengths as the "Tenant" and Defendant JC Gulf Coast as the "Landlord." (*Id*. at 5). In pertinent part for the Motion *sub judice*, the lease agreement contains a jury trial waiver provision in Article XI Default by Tenant, Section 11.2 Landlord's Rights on Default. (*Id*. at 23). The jury trial waiver is located in the second paragraph of the section and states that "[w]ith respect to any litigation arising out of this Lease, Tenant hereby expressly waives the right to a trial by jury and the right to file any countersuit or crossclaim against Landlord." (*Id*.).

Defendants argue that the lease's jury trial waiver applies to this case. (Doc. 104 at 2). In support, Defendants point out that the lease is integral to the First Amended Complaint because the First Amended Complaint expressly references the lease throughout. (*Id.* at 2-3 (citing Doc. 32)). In fact, Defendants note that the First Amended Complaint realleges paragraphs regarding the lease in each Count. (*Id.* (citing Doc. 32)). Defendants also note that "Plaintiff expressly defines each of the three alternative putative classes based on the lease agreements." (*Id.* at 3 (citing Doc. 32 at ¶ 41)).

Defendants argue that Plaintiff knowingly and voluntarily waived its right to a jury trial. (*Id.* at 4-8). In addition, Defendants contend that the waiver applies to all claims against all Defendants. (*Id.* at 8-11). Further, Defendants argue that Plaintiff is estopped from challenging the terms of the lease. (*Id.* at 11). Defendants contend that Plaintiff is ignoring the waiver by demanding a jury trial. (*Id.* (citing Doc. 32 at 36)).

In response, Plaintiff does not expressly contest that the jury trial waiver was made knowingly and voluntarily. (*See* Doc. 107 at 1-2). Instead, Plaintiff argues that the waiver is inapplicable for two reasons. (*Id.*). First, Plaintiff argues that the waiver applies only to litigation involving a tenant's default. (*Id.* at 4-6). Second, Plaintiff contends that the waiver

2

applies only to suits between the named Tenant and Landlord on the lease agreement—specifically, Plaintiff and Defendant JG Gulf Coast. (*Id*. at 6-7). Of note, however, Plaintiff concedes that it is not entitled to a jury trial in its claim for unjust enrichment (Count II) because it "is an equitable claim that would be heard by the Court and not a jury." (*Id.* at 4 n.2 (citing *Skytruck Co., LLC v. Sikorsky Aircraft Corp.*, No. 2:09-cv-267-FtM-99SPC, 2011 WL 13141024, at *2 (M.D. Fla. May 13, 2011)).

## II. Discussion

The Seventh Amendment to the United States Constitution provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of jury shall be preserved." U. S. Const. amend. VII. "[B]ecause the right to a jury trial is fundamental, courts must indulge every reasonable presumption against waiver." *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (citations omitted). Even so, "[a] party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006) (citing *Brookhart v. Janis*, 384 U.S. 1, 4-5 (1966)).

Here, the parties present two issues for the Court's review. First, although Plaintiff did not expressly contest whether its jury trial waiver was knowing and voluntary, the Court nevertheless addresses this threshold issue. Second, finding that the jury waiver was knowing and voluntary, the Court addresses the scope of the waiver and whether it applies (1) only to litigation involving a tenant's default and/or (2) only to suits solely between the named Tenant and Landlord on the lease agreement.

### A. Whether the Waiver Was Knowing and Voluntary

Courts consider a number of factors in determining whether a jury trial waiver was made knowingly and voluntarily. *See Allyn v. W. United Life Assur. Co.*, 347 F. Supp. 2d 1246, 1252

3

(M.D. Fla. 2004). These factors include: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel. *Id.* No single factor is conclusive. *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1294 (M.D. Fla. 2012). Moreover, the Court is not bound by the number of factors that have been satisfied. *Id.* (citation omitted). Instead, the Court asks whether, under the circumstances, the waiver is "unconscionable, contrary to public policy, or simply unfair." *Allyn*, 347 F. Supp. 2d at 1252.

### 1. Conspicuousness of the Provision

The first factor is the conspicuousness of the waiver provision. *Id.*

The paragraph of the lease agreement containing the jury waiver reads as follows:

> In the event of a breach by Tenant of any of the covenants or provisions hereof, Landlord shall have, in addition to any other remedies which it may have, the right to invoke any remedy allowed at law or in equity to enforce Landlord's rights or any of them, as if re-entry and other remedies were not herein provided for. With respect to any litigation arising out of this Lease, Tenant hereby expressly waives the right to a trial by jury and the right to file any countersuit or crossclaim against Landlord. Tenant agrees that no demand for rent and no re-entry for condition broken and no notice to quit possession or other notices prescribed by statute shall be necessary to enable Landlord to recover such possession or other notices prescribed by statute shall be necessary to enable Landlord to recover such possession, but that all right to any such demand and any such re-entry and any notice to quit possession or other statutory notices or prerequisites are hereby expressly waived by Tenant.

(Doc. 32-1 at 23).

Defendants argue that the jury waiver is conspicuously set forth because it is contained in a paragraph of eight lines and is written in straightforward, understandable language. (Doc. 104 at 5). Additionally, Defendants point out that the waiver "is written in the same typeface and font size as the other provisions in the lease." (*Id.*). Thus, Defendants maintain that "the jury

4

trial waiver provision is sufficiently conspicuous." (*Id.* (citing *Madura*, 851 F. Supp. 2d at 1294)).

In response, although Plaintiff did not couch its arguments in a factor-based analysis, Plaintiff notes that the lease is divided into twelve Articles, each containing various sections. (Doc. 107 (citing Doc. 32-1 at 3, 4)). Plaintiff points out that "[n]o Article heading mentions a jury trial waiver." (*Id.*). Further, Plaintiff notes that the jury trial waiver provision is located in Article XI, Section 11.2. (*Id.*). Plaintiff points out that this section contains three paragraphs and is forty lines in length. (*Id.*). Plaintiff states that the sentence containing the jury trial waiver is in the second paragraph, line thirty. (*Id.*).

In evaluating this factor, the Court finds previous decisions from other jurists in this District illustrative. For instance, in *Collins v Countrywide Home Loans, Inc.*, United States District Judge James S. Moody found a jury trial waiver to be "conspicuous" when the provision was "present in a separate paragraph, printed in a font that is the same size as the rest of the document, located in the last paragraph of a relatively short document, and worded in clear and unambiguous language." 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010) (citations omitted).

In another case, *Madura v. BAC Home Loans Servicing L.P.*, United States District Judge Virginia M. Hernandez Covington found a waiver to be conspicuous when it was contained in its own separate paragraph on the eleventh page of a twelve-page mortgage directly preceding the signatures, was in a typeface and style consistent with the rest of the document, was not obscured by other language, and was not hidden in a footnote. 851 F. Supp. 2d at 1294-95.

Here, based on the cases cited above, the Court is hard-pressed to conclude that the jury waiver provision is conspicuously situated within the lease agreement. Indeed, although the provision is printed in a font that is the same size as the rest of the document and is worded in

clear and unambiguous language, the provision is not in a separate paragraph, nor is it set off from the rest of the text. (*See* Doc. 32-1 at 23). Rather, the provision is buried in the middle of the second paragraph of a three-paragraph section. (*See id*). Moreover, the jury trial waiver is not in bold or capital letters, nor is it included in the table of contents. (*Id.* at 23). Additionally, the lease agreement itself is relatively long, totaling forty-two (42) pages. (*See id*. at 44). The jury trial waiver provision is one sentence on the twenty-first page. (*See id.* at 23).

Accordingly, after careful review of the jury trial waiver provision, the Court finds that it is not similar to the conspicuous provisions in the cases cited above. *Cf. Madura*, 851 F. Supp. 2d at 1294; *Collins*, 680 F. Supp. 2d at 1295. In fact, the jury trial waiver provision differs from other waivers in the lease agreement. For instance, the lease agreement also contains a Waiver of Right of Redemption, which waiver is contained in its own separate section set off from any other provisions, has a heading in bold font, and is included in the table of contents. (Doc. 32-1 at 4, 28). Here, the jury trial waiver is not conspicuously situated within the lease agreement. (*See id.* at 23). Thus, the Court finds that this factor weighs against waiver.

### 2. Level of Sophistication and Experience of the Parties

The second factor is the level of sophistication and experience of the parties. *Allyn*, 347 F. Supp. 2d at 1252.

Defendants argue that Plaintiff's owner is sufficiently educated and sophisticated. (Doc. 104 at 5-6). In support, Defendants point out that Plaintiff's owner has forty years of experience in the cosmetology business and has owned multiple salon locations. (*Id*. at 5).

Plaintiff made no specific argument on this point. (*See* Doc. 107).

In reviewing this issue, the Court again looks to previous decisions from this District. For instance, in *Madura*, Judge Covington found that the plaintiff's limited familiarity with the English language was not a reason to find the jury trial waiver unenforceable. 851 F. Supp. 2d at

6

1295.  Judge Covington found that, when compared to Bank of America, the plaintiffs were "unsophisticated."  *Id.*  Even so, Judge Covington noted that the plaintiffs "were under no obligation to refinance their home."  *Id.*  Moreover, Judge Covington noted that a jury trial waiver is not unenforceable even though one party to a contract is a large corporation and the other party is an individual who needs the corporation's services.  *Id.* (citing *Collins*, 680 F. Supp. 2d at 1295).  Judge Covington further noted that the plaintiffs needed to refinance to pay for their daughter's graduate school tuition.  *Id.*  Judge Covington found that "[s]uch circumstances do not militate in favor of holding the jury trial waiver unenforceable."  *Id.*

Similarly, in *Collins*, one plaintiff was a "tile guy" for a tile supply company while the other plaintiff was an "analyst" at a media company.  680 F. Supp. 2d at 1295.  Judge Moody found that the plaintiffs were not either particularly sophisticated or unsophisticated.  *Id.*  As a result, Judge Moody found that the facts did not cut in favor of either party.  *Id.*  Even so, Judge Moody found that the plaintiffs' assertion that they had "no special expertise or education in matters involving finance, real estate, law, mortgages, or related matters and are otherwise not sophisticated borrowers" did not come into consideration because the jury waiver paragraph was written clearly, in a way that the average person could understand its implications.  *Id.*  Thus, Judge Moody found that "[n]o special education or expertise would have been needed to understand this provision."  *Id.*

Here, Plaintiff is certainly more sophisticated than the plaintiffs in *Madura* that had little understanding of English language.  *See* 851 F. Supp. 2d at 1295.  Indeed, Plaintiff likely has extensive experience regarding lease agreements as evidenced by its owner's years of experience in the cosmetology business and ownership of multiple salons.  Furthermore, even though, unlike *Collins*, the waiver was not contained in a separate paragraph, the Court nonetheless finds that,

similar to *Collins*, the jury trial waiver provision is written clearly, in a way that the average person could understand its implications. *See* 680 F. Supp. 2d at 1295. Like *Collins*, therefore, the Court finds that no special education or expertise would have been needed to understand this provision. *See id.* As a result, similar to *Collins*, the Court finds that this factor does not cut in favor of either party. *See id.*

### 3. Opportunity to Negotiate Terms

The third factor is the opportunity to negotiate terms of the contract. *Allyn*, 347 F. Supp. 2d at 1251.

Here, Defendants argue that this factor weighs in their favor because Plaintiff was not forced to accept the terms of the lease. (Doc. 104 at 6). Specifically, Defendants contend that, even in "take-it-or-leave-it" circumstances, a waiver is not unenforceable or unconscionable. (*Id.* at 7 (citing *Winiarski v. Brown & Brown, Inc.*, No. 5:07-CV-409-OC-10GRJ, 2008 WL 1930484, at *2 (M.D. Fla. May 1, 2008)).

Plaintiff made no specific argument on this point. (*See* Doc. 107).

Here, there is no evidence that Plaintiff was unable to negotiate the terms of the agreement. Moreover, as noted by Defendants, a jury trial waiver, even in a "'take it or leave it' situation, is not necessarily unenforceable or unconscionable. *See Winiarski*, 2008 WL 1930484, at *2. Accordingly, the Court finds that this factor weighs in favor of waiver.

### 4. Relative Bargaining Power of Each Party

The fourth factor is the relative bargaining power of each party. *Allyn*, 347 F. Supp. 2d at 1252.

Defendants argue that Plaintiff has presented no evidence of an extreme bargaining disadvantage. (Doc. 104 at 7). Specifically, Defendants contend that Plaintiff could have simply walked away, but it did not. (*Id.* at 8).

8

Plaintiff made no specific argument on this point. (*See* Doc. 107).

On this point, "[a] gross disparity in bargaining power only exists when a party is forced to accept the terms of an agreement as written; the party is unable to simply walk away if the terms are unacceptable." *Oglesbee v. IndyMac Fin. Servs., Inc.*, 675 F. Supp. 2d 1155, 1158 (S.D. Fla. 2009). Furthermore, "a term in a contract waiving a party's right to a jury trial is not unenforceable even though one party to a contract is a large corporation and the other party is simply an individual who is in need of the corporation's services." *Collins*, 680 F.Supp.2d at 1295.

Here, the Court agrees with Defendants. Simply put, there is no evidence that Plaintiff was unable to walk away from the lease agreement if it was not satisfied with the terms. Accordingly, this factor weighs in favor of enforcement of the waiver clause.

### 5. Whether the Waiving Party Was Represented by Counsel

The final factor is whether the waiving party was represented by counsel. *Allyn*, 347 F. Supp. 2d at 1252.

Defendants argue that "Plaintiff has presented no evidence that she attempted to retain an attorney to review the contract but was precluded from doing so." (Doc. 104 at 8). Moreover, Defendants note that Section 12.18 of the Lease expressly states that "each party had the benefit of being or the opportunity to be represented by legal counsel." (*Id.* (quoting Doc. 32-1 at 29).

Plaintiff made no specific argument on this point. (*See* Doc. 107).

On this point, this Court has previously found that "a jury trial waiver is not unenforceable even though one party to a contract is a large corporation represented by counsel and the other party is an individual not represented by counsel." *Collins*, 680 F. Supp. 2d at 1296. Here, there is no evidence that Plaintiff retained counsel. Even so, the lease agreement states in Section 12.18 "each party had the benefit of being or the opportunity to be represented

by legal counsel." (Doc. 32-1 at 29). Given that a jury trial waiver is not unenforceable even though one party to a contract is a large corporation represented by counsel and the other party is an individual not represented by counsel and given that Plaintiff expressly acknowledged that it had the opportunity to obtain counsel, the Court find that this factor weighs in favor of a knowing and voluntary jury trial waiver.

### 6. Totality of the Circumstances

As noted above, no single factor is conclusive. *Madura*, 851 F. Supp. 2d at 1294. Moreover, the Court is not bound by the number of factors that have been satisfied. *Id.* (citation omitted). Instead, the Court asks whether, under the circumstances, the waiver is "unconscionable, contrary to public policy, or simply unfair." *Allyn*, 347 F. Supp. 2d at 1252.

In this case, the Court cannot find that the waiver is "unconscionable, contrary to public policy, or simply unfair." *See id.* Specifically, although the waiver was inconspicuously buried in the lease agreement, Plaintiff was sufficiently sophisticated and competent to enter into and negotiate the agreement. Additionally, the parties had relatively equal bargaining power, and Plaintiff had the opportunity to obtain counsel. Moreover, the language of the jury trial waiver provision is written clearly, in a way that the average person could understand its implications. Accordingly, evaluating the totality of the circumstances, the Court finds that the jury trial waiver was made knowingly and voluntarily. *See id.*

### B. Scope of the Waiver

Although the Court finds that the jury trial waiver was made knowingly and voluntarily, this is not the end of the inquiry. Instead, Plaintiff contends that (1) the waiver only applies in a tenant default and (2) any waiver applies only to lawsuits between Plaintiff and Defendant JG Gulf Coast. (Doc. 107 at 4-7). The Court addresses Plaintiff's arguments in turn below.

### 1. Whether the Waiver Applies Only to Litigation Involving a Tenant's Default

Plaintiff argues that "[w]hen read as a whole, it is both plain and clear that the jury trial waiver clause in Section 11.2 only applies to Landlord actions against a defaulting Tenant." (Doc. 107 at 5). Specifically, Plaintiff notes that "[t]he Article containing the clause is Article XI—Default by Tenant." (*Id.*). Additionally, Plaintiff points out that the section containing the clause, Section 11.2, is entitled "Landlord's Rights on Default." (*Id.*). Plaintiff notes that the jury waiver clause "is in the second paragraph of the section, in line thirty (30)." (*Id.*). Moreover, Plaintiff states that "[t]he first paragraph discusses Landlord's special and unique remedies upon Tenant default." (*Id.*). Plaintiff further notes that "[t]he second paragraph, where the clause at issue is found, preserves other, more standard remedies, under the same Tenant default scenario." (*Id.*). As a result, Plaintiff argues that "the plain meaning of this clause is that when Landlord sues Tenant for default, Tenant waives the right to demand a jury trial in its answer just as it waives the right to bring a countersuit or crossclaim." (*Id.*).

In response, Defendants argue that Plaintiff's interpretation of the contract contradicts Section 12.20 of the Lease, which expressly prohibits using captions to limit lease provisions. (Doc. 112 at 2-4). Defendants further argue that Plaintiff's interpretation contradicts the plain meaning of the waiver and Section 11.2. (*Id.* at 4-5). Specifically, Defendants point out that "[t]he text of the waiver supports that it is not limited to a Tenant default." (*Id.* at 4). In fact, Defendants note that "[t]he sentence does not use the word, or even invoke the concept of, 'default.'" (*Id.*). Instead, Defendants argue that the sentence "explicitly provides that the Tenant 'waives the right to trial by jury' with 'respect to **any** litigation arising out of this Lease.'" (*Id.* (emphasis in original; citing Doc. 32-1 at 23)). Finally, Defendants contend that "Plaintiff omits that other parts of Section 11.2, like the waiver, do not at all reference a breach or a default."

(*Id.* at 5). For instance, Defendants note that the third paragraph of Section 11.2 includes a provision not limited to instances of a tenant default or breach. (*Id.* (citing Doc. 32-1 at 23)). As a result, Defendants argue that the jury trial waiver provision should be enforced. (*Id.*).

In reviewing this issue, the Court notes that "[i]t is well settled that the actual language used in the contract is the best evidence of the intent of the parties and, thus, the plain meaning of that language controls." *Apple Glen Inv'rs, L.P. v. Express Scripts, Inc.*, 700 F. App'x 935, 939 (11th Cir. 2017) (citations omitted). Under Florida law, if the terms of a contract are clear and unambiguous, the Court must "interpret the contract in accordance with its plain meaning, and, unless an ambiguity exists, a court should not resort to outside evidence or the complex rules of construction to construe the contract." *Banks v. Cashcall, Inc.*, 188 F. Supp. 3d 1296, 1301 (M.D. Fla. 2016) (citing *Key v. Allstate Ins. Co.*, 90 F.3d 1546, 1548-49 (11th Cir. 1996)). Even so, under Florida law, courts "do not read clauses in a contract in isolation" but, instead, "look to the contract as a whole." *Southern-Owners Ins. Co. v. Hayden*, 413 F. App'x 187, 189 (11th Cir. 2011) (citing *Jones v. Warmack*, 967 So. 2d 400, 402 (Fla. Dist. Ct. App. 2007)). Moreover, "[w]hen a contract contains apparently conflicting clauses, we must interpret it in a manner that would reconcile the conflicting clauses, if possible." *Id.* (citing *Lloyds Underwriters v. Netterstromi* 17 So. 3d 732, 735 (Fla. Dist. Ct. App. 2009).

After careful review of the parties' arguments, the Court finds that there is no ambiguity surrounding the plain meaning of the jury trial waiver provision. Moreover, application of the plain language of the provision dictates only one result—waiver of a jury trial by Plaintiff here.

As noted by Defendants, Plaintiff's interpretation of the contract contradicts Section 12.20 of the Lease, which expressly prohibits using captions to limit or amplify lease provisions. (*See* Doc. 32-1 at 29). Specifically, Section 12.20 provides "[t]he captions contained herein are

for convenience and reference only and shall not be deemed as part of this lease or construed as in any manner limiting or amplifying the terms and provisions of this Lease to which they relate." (*Id.*). The Eleventh Circuit has previously disregarded article and section headings when the contract at issue indicated that the "headings herein are for convenience only and shall not affect the construction hereof." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1312 n.28 (11th Cir. 2006). Here, given that the lease agreement expressly states that the "captions contained herein are for convenience and reference only," the Court gives the captions no interpretive effect. *See id.* Accordingly, even though the jury trial waiver provision is located in an Article entitled Default by Tenant and a Section entitled Landlord's Rights on Default, the Court finds that the headings provide no interpretive effect.

Even so, Plaintiff is correct that contractual provisions are not read in isolation. (*See* Doc. 107 at 5). Indeed, context matters. Yet the Court cannot find that the jury waiver provision is limited only to instances of a default or breach by the Tenant. (*See* Doc. 32-1). Specifically, while the jury trial waiver is located in a paragraph addressing remedies for the Landlord in a default by the Tenant, other parts of Section 11.2 do not reference a breach or a default by the Tenant. (*Id.* at 5). For instance, the third paragraph of Section 11.2 states:

> In the event Tenant is a corporation, partnership, or limited liability company, Tenant agrees prior to commencement of the Term to appoint an agent for service of process having an address in the state in which the Leased Premises are located and to continuously maintain such appointment during the Term. In the absence of such appointment, Tenant hereby appoints the Secretary of State of the state in which the Leased Premises are located as its agent for service of process.

(Doc. 32-1 at 23). This provision does not appear to be limited to instances of the Tenant in default or breach. (*See id.*). As a result, Plaintiff's argument that the entire section must be read as only addressing instances of a default or breach by the Tenant is seriously undermined.

Here, the specific sentence containing the jury trial waiver provision states that "[w]ith respect to any litigation arising out of this Lease, Tenant hereby expressly waives the right to trial by jury and the right to file any countersuit or crossclaim against Landlord." (*Id.*). The language is abundantly clear—for **any** litigation arising out lease, the Tenant waives its right to a trial by jury. (*See id.*). The Court finds that the plain language of the lease controls. Thus, Plaintiff has waived its right to a jury trial.

### 2. Whether the Waiver Applies Only to Plaintiff and Defendant JG Gulf Coast

The final issue raised by Plaintiff is that any waiver applies only to Plaintiff and Defendant JG Gulf Coast as signatories. (Doc. 107 at 6-7). Specifically, Plaintiff argues that "the language unambiguously limits its application solely to Tenant and Landlord." (*Id.* at 7). Plaintiff argues that "Tenant and Landlord are expressly defined terms in the uniform lease. Plaintiff Salon Adrian is expressly defined as the Tenant and Defendant JG is expressly defined as the Landlord." (*Id.* (citing Doc. 32-1 at 5)). Plaintiff contends that "[n]o other Defendants are named or identified as Landlord." (*Id.*). Plaintiff further states that, "[t]o make the issue even more clear, the uniform lease later notes that '[t]he term "Landlord" as used in this Lease means **only** the owner or mortgagee in possession for the time being of the building in which the Leased Premises are located.'" (*Id.* (emphasis in original; citing Doc. 32-1 at 24)). Plaintiff states that "[i]n this case, that owner or mortgagee was Defendant JG and none of the other non-signatory Defendants." (*Id.* (citing (Doc. 32-1 at 32)). Thus, Plaintiff argues that "if there is any waiver at all . . . that waiver applies only to those claims against Defendant JG in Count I and Count VI." (*Id.*).

The Court finds Plaintiff's argument unpersuasive. Instead, the Court finds that Defendants' argument – addressed below – accurately describes the actual language of the

waiver.  (*See* Doc. 112 at 4-6).  Specifically, the language of the waiver and grammatical rules of construction do not support Plaintiff's interpretation.  As noted by Defendant, "[u]der the doctrine of the last antecedent, relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote."  *Bingham, Ltd. v. United States*, 724 F.2d 921, 925 n.3 (11th Cir. 1984) (citation omitted); *see also Lockhart v. United States,* 136 S. Ct. 958, 962-63 (2016) (noting that the Supreme Court has applied this rule in interpreting statutes "from our earliest decisions to our more recent"); *Goldberg v. Companion Life Ins. Co.*, 910 F. Supp. 2d 1350, 1353 (M.D. Fla. 2012) (recognizing the "rule of the last antecedent" is used in the interpretation of insurance policies).

Here, the jury waiver sentence states that "[w]ith respect to any litigation arising out of this Lease, Tenant hereby expressly waives the right to a trial by jury and the right to file any countersuit or crossclaim against Landlord."  (Doc. 32-1 at 23).  As noted by Defendants, the phrase "against Landlord" is a modifying phrase because it is not separated from other words by a comma.  (*See id.*).  The antecedent immediately preceding the phrase "against Landlord" is the waiver of the right to file a countersuit or crossclaim.  (*See id.*).  As a result, because "the modifying phrase [i]s not set off from the antecedent words by a comma, … the modifier refer[s] only to the immediately preceding antecedent."  *See Bingham*, 724 F.2d at 925 n.3 (citations omitted).

With this rule of construction in mind, the jury trial waiver sentence should be read as "[w]ith respect to any litigation arising out of this Lease, Tenant hereby expressly waives [1] the right to a trial by jury and [2] the right to file any countersuit or crossclaim against Landlord."  (Doc. 32-1 at 23).  The phrase "against Landlord" only addresses the second waiver regarding

15

the right to file a countersuit or counterclaim. (*See id.*). The phrase does not modify the first waiver of the right to a jury trial. (*See id.*). As a result, the Court can only conclude that the jury trial waiver applies to all of Plaintiff's claims against all Defendants.

## CONCLUSION

For the reasons explained above, Plaintiff knowingly and voluntarily waived its right to a jury trial. Additionally, this waiver applies to any litigation arising out of the lease, not just litigation involving a default or breach by the Tenant. Finally, the waiver applies equally to all of Plaintiff's claims against all Defendants.

Accordingly, the Court hereby **ORDERS** that:

1) Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. 104) is **GRANTED**.

2) Plaintiff's jury trial demand is **STRICKEN**.

3) An amended Case Management and Scheduling Order will issue by separate cover indicating that this case will be set for a non-jury trial.

**DONE AND ORDERED** in Fort Myers, Florida on August 10, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties