UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WAVE LENGTH HAIR SALONS OF
FLORIDA, INC., on behalf of itself and
all others similarly situated

       Plaintiff,

v.                                                      Case No: 2:16-cv-206-FtM-38MRM

CBL & ASSOCIATES PROPERTIES,
INC., CBL & ASSOCIATES
MANAGEMENT, INC., CBL &
ASSOCIATES LIMITED
PARTNERSHIP and JG GULF
COAST TOWN CENTER, LLC,

       Defendants.
_____/

# **ORDER**[1]

Before the Court is Plaintiff's Objection to Order Granting Defendants a Sur-Reply to Plaintiff's Motion for Class Certification (Doc. 211), and Defendants' Response to Plaintiff's Objection to Order Granting a Sur-Reply (Doc. 219). For the following reasons, Plaintiff's objection is overruled.

Under Federal Rule of Civil Procedure 72(a), a party may object to a magistrate judge's order on a nondispositive matter. The district court must "modify or set aside any

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous if the reviewing court, after assessing the evidence in its entirety, is left with definite and firm conviction that a mistake has been committed." *A.R. by an through Root v. Dudek*, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015) (citation omitted). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Fid. Nat'l. Title Ins. Co. v. J.P. Morgan Chase Bank, N.A.*, 3:10-CV-1153-J-34JRK, 2012 WL 12965923, at *1 (M.D. Fla. Mar. 26, 2012) (internal quotations omitted).

Here, Plaintiff objects to United States Magistrate Judge Mac R. McCoy granting Defendants leave to file a sur-reply in opposition to Plaintiff's motion for class certification. (Doc. 211). Plaintiff's objection spans sixteen pages of argument and more than 1,400 pages of exhibits. (Doc. 211). Defendants oppose Plaintiff's motion. (Doc. 219). Since then, Plaintiff moved for and was granted leave to file a sur-sur-reply in support of its motion for class certification. (Docs. 222; 226).

Because Plaintiff received leave to file a sur-sur-reply, the issue is moot. But even if the issue was not moot, the Court finds Plaintiff's position unavailing. "A district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'" *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed. App'x. 777, 788 (11th Cir. 2008) (citation omitted). Here, Judge McCoy considered Defendants' motion for leave to file a sur-reply and found valid reason to grant it. (Docs. 189; 191). Judge McCoy's decision was neither clearly

2

erroneous nor contrary to law.  And Plaintiff's long-winded objection does nothing to persuade otherwise.  Plaintiff's objection is overruled.

Accordingly, it is now

**ORDERED:**

Plaintiff's Objection to Order Granting Defendants a Sur-Reply to Plaintiff's Motion for Class Certification (Doc. 211) is **OVERRULED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of November 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record