UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Wave Lengths Hair Salons of
Florida, Inc., on behalf of itself
and all others similarly situated, d/b/a
Salon Adrian,

          Plaintiff,

v.

CBL & Associates Properties, Inc.
CBL & Associates Management, Inc.,
CBL & Associates Limited
Partnership, and JC Gulf Coast Town
Center, LLC,

          Defendants.

Case No. 2:16-cv-206-FtM-PAM-MRM

**ORDER**

---

This matter is before the Court on Plaintiff's Appeal from an Order of United States Magistrate Judge Mac R. McCoy dated August 10, 2018. (Docket No. 153.) The Order granted Defendants' motion to strike Plaintiff's jury demand. Plaintiff contends that the Magistrate Judge erred in determining that there was no right to a jury trial on Plaintiff's claims.

Review of a Magistrate Judge's decision on nondispositive issues is limited to determining whether the decision was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

Plaintiff has failed to establish any error in Magistrate Judge McCoy's analysis of the motion to strike jury demand. As an initial matter, the Court notes that Plaintiff does not take issue with Magistrate Judge McCoy's conclusion that Plaintiff knowingly and

voluntarily waived its right to a jury trial by entering into the Lease agreement that contains the jury-trial waiver. Thus, Plaintiff's appeal is limited to the issue of whether the Lease provides for a jury-trial waiver in all litigation involving the Lease or merely, as Plaintiff contends, in litigation over a tenant's default under the Lease.

As Magistrate Judge McCoy noted, the Lease's jury-waiver provision is found in Article XI, which is entitled "Default by Tenant." (Am. Compl. (Docket No. 32) Ex. A at 20.) Section 11.2 of this Article is captioned "Landlord's Rights on Default" and provides, "With respect to any litigation arising out of this Lease, Tenant hereby expressly waives the right to a trial by jury and the right to file any countersuit or crossclaim against Landlord." (Id. at 21.) Finally, Section 12.20 of the Lease provides that "[t]he captions contained herein are for convenience and reference only and shall not be deemed as part of this Lease or construed as in any manner limiting or amplifying the terms and provisions of this Lease to which they relate." (Id. at 27.)

Florida law requires that the Court construe a contract as a whole, interpreting it as its plain meaning dictates. (Aug. 10, 2018, Order (Docket No. 153) at 12 (citing cases).) Plaintiff's argument that the jury waiver applies only to a tenant's default is contrary to the plain, unambiguous meaning of the Lease's provisions. Both the sentence containing the jury waiver and the section regarding captions indicate that the jury waiver applies broadly, "[w]ith respect to any litigation arising out of th[e] Lease." As Magistrate Judge McCoy noted, Florida law requires giving effect to the plain language of the parties' agreement, which means that Plaintiff has waived the right to a trial by jury in any litigation arising out of the Lease, including this litigation.

2

Plaintiff argues that, because the Lease does not define "caption," the Court cannot assume that the "captions" to which Section 12.20 refers are the bolded section and article headings. Thus, Plaintiff contends, the Court should limit the jury waiver to only tenant-default situations according to the relevant section and article headings.  But this strained interpretation of Section 12.20 has no legal support and is contrary to Florida's rules of contract construction.  The Lease unambiguously provides that its captions—which can only mean section and article headings, because there are no other "captions" in the document—must not be construed to limit or amplify any of the provisions of the Lease. Thus, as Magistrate Judge McCoy found, the jury waiver is precisely as broad as it indicates.

Plaintiff has not established that Magistrate Judge McCoy's determination is in any way erroneous or contrary to law.  Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Appeal of the Order on Motion to Strike Jury Demand (Docket No. 163) is **DENIED**.

Dated:   December 7, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge