UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**Agenda for Final Pretrial Conferences
before Judge Paul A. Magnuson
Spring 2019 Trial Term**

*Counsel should note:* If there are dispositive motions (including <u>Daubert</u> motions) pending in your case, the Court will first hear argument on those motions. At the conclusion of the argument, the Court will take the motion(s) under advisement. The Court will then proceed to a final pretrial conference, as if the motions have been denied. The agenda below will govern the final pretrial conference portion of the hearing. If the Court eventually grants the dispositive motion(s) and dismisses the case, the matters agreed to at the final pretrial conference will be moot.

I. Introductions

II. Motions in limine

    A. Previously filed motions – no argument will be necessary unless Court specifically requests.

    B. Deadline for filing any other motions – TWO WEEKS before trial date.

    C. Responses due ONE WEEK after motion is filed, unless Court rules otherwise.

    D. Provide courtesy (paper) copies of all motions to Court in Minnesota.

III. Exhibits

    A. Premark all exhibits; submit two copies of exhibit lists to Court TWO WEEKS before trial date; courtesy copies to Court in Minnesota.

        1. Per Court's trial calendar, mark in accordance with M.D. Fla. Local Rules (1, 2, 3 for Plaintiff, A, B, C for Defendant).

    B. Provide Court with preliminary objections to opponent's exhibit list ONE WEEK before trial date; courtesy copies to Court in Minnesota.

        1. Mark objections on opponent's exhibit list; Court encourages the use of "shorthand" for these objections, for example, "R" for relevancy, "H" for hearsay, etc.

    C. Try to resolve objections before trial.

  D. Admit non-controversial exhibits en masse subject to later withdrawal if not used.

    1. This can be done at the beginning of trial, or whenever convenient.

  E. List and advise Court of any anticipated evidentiary issues

IV. Witnesses

  A. Be sure to provide Court with a complete witness list because Court will read the witness list to the jury during voir dire.

    1. Witness lists are due TWO WEEKS before trial; send two copies to Court in Minnesota.

    2. All available witnesses are expected to testify live.

    3. Court disfavors using depositions of witnesses who are present in courtroom for any purpose other than impeachment.

  B. Provide opposing counsel as much notice as possible of intent to call certain witness at certain time; always advise opposing counsel of witnesses to be called the following day.

  C. Deposition testimony

    1. **NOTE: All deposition designations shall be submitted to the Court by marking the deposition transcript itself, NOT by citation to the page and line number of the testimony designated**.

    2. Traditional deposition (*i.e.*, reading deposition to jury)

      a. Follow four-color pencil rule:

        (1) party seeking to use deposition mark with one color *on a paper copy of the deposition* the parts to be read; give the marked-up copy to opposing counsel;

        (2) opposing counsel notes any objections to proposed testimony in the margin of the marked-up copy, and also marks in another color any counter-designations of testimony on that same copy; pass the marked-up copy

                back to first counsel;

        (3)    first counsel notes any objections to counter-designations in margin; marks any counter-designations in a third color; pass the marked-up copy back to opposing counsel; and

        (4)    opposing counsel notes any objections to counter-counter designations in the margin.

    b.    Submit traditional deposition designations with objections **via marked-up copy of the transcript** to Court <u>at least ONE WEEK before trial</u>.

    c.    Court will rule on objections on the marked-up copy and give that copy back to deposition proponent.

3. Video depositions

    a.    Use the same procedure as above with the paper transcript of the video deposition.

    b.    Must submit any video deposition designations with objections **via marked-up copy of the transcript** to Court <u>TWO WEEKS before trial</u>, to allow proponent time to edit the video before submission to jury.

V. Trial Calendars

1. The Court will issue trial calendars in advance of each trial term (usually by month, i.e., a trial calendar will issue for February trial term, a different calendar will issue for March trial term).

2. The Court endeavors to take attorneys' schedules into consideration when setting cases for trial. However, state-court cases do not take precedence over trials set before this Court. And counsel are expected to notify the Court at the earliest possible date of conflicts, whether personal or professional.

3. **The Court does not give dates certain for trial.** Cases are called in the order they appear in the trial calendar. It is counsel's responsibility to contact counsel for earlier cases as to whether those cases will proceed to trial or settle.

VI. Trial

    A. Schedule

        1. Court will convene at 9:30 or 10:00 am, recess at 4:30 or 5:00 pm, or when witness is finished. Lunch will be from 12 to 1:30 or 12:30 to 2:00.

        2. Court will take up any motions or conferences with attorneys in the morning before trial begins.

        3. 15-minute recesses in morning and afternoon.

    B. Voir Dire

        1. 12-person jury — all will deliberate. If any jurors are excused remaining jurors will deliberate

        2. 18 jurors passed for cause; panel excused for attorney strikes. Three peremptory strikes per side: Def - Pl - D - P - D - P

        3. Backstriking is allowed

        4. Court will provide its voir dire and preliminary instructions to counsel on the morning of trial

        5. No attorney voir dire; Court will use sidebar with counsel to inquire if there are additional follow-up questions that should be asked

    C. Opening Statements

        1. Show opposing counsel any demonstrative exhibits and inform the Court of any objections.

        2. Time limit?

    D. Order of Proof

        1. Are there counterclaims?

    E. Special Verdict Form

4

       1.      Agree to a form BEFORE trial or Court will put one together.

       2.      Jury will have a copy of verdict form at the start of the evidence, if not before.

F. Jury Instructions

       1.      Submit proposed jury instructions TWO WEEKS before trial; two courtesy copies to Court in Minnesota.

       2.      Court will prepare proposed final jury instructions during trial.

       3.      After close of evidence, Court will provide its jury instructions to counsel, then will meet with counsel for charge conference.

            a.      Conference is first off the record to resolve those objections that can be resolved.

            b.      Conference will then be on the record for all remaining objections and rulings.

       4.      Will supply written copy of instructions to each juror to take to jury room.

G. Courtroom Decorum

       1.      Court will enter standing order allowing cell phones, Blackberries, and personal computers to be brought into the courthouse. **All devices must be on "silent" mode throughout trial.**

       2.      Use podium whenever possible – it's easier for the jurors and court reporter to hear. You must use a microphone at all times.

       3.      May approach witnesses without asking Court's permission, as long as this privilege is not abused.

VII. Other issues?